

ANDERSON LAW FIRM
MARTIN W. ANDERSON, State Bar No. 178422
2070 North Tustin Avenue
Santa Ana, California 92705
Tel: (714) 516-2700 ▪ Fax: (714) 532-4700
E-mail: martin@andersonlaw.net

LAW OFFICE OF JEFFREY KANE
JEFFREY KANE, State Bar No. 183974
20902 Brookhurst Street, Suite 210
Huntington Beach, California 92646
Tel: (714) 964-6900 ▪ Fax: (714) 964-6944
E-mail: lemnlaw@aol.com

Attorneys for Plaintiff Timothy Wilson

FILED
2008 SEP 10 PM 1:58
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY: ________

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| TIMOTHY WILSON,<br><br>Plaintiff,<br><br>v.<br><br>FLEETWOOD MOTOR HOMES OF CALIFORNIA, INC. and WORKHORSE CUSTOM CHASSIS, L.L.C.,<br><br>Defendant. | Case No. SACV08-01007 AG (RNBx)<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows:

**JURISDICTION**

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action alleges claims pursuant to 15 U.S.C. § 2310. The Court has jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

COPY

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**PARTIES**

2. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff Timothy Wilson.

3. As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint.

**FIRST CLAIM FOR RELIEF**
**BY PLAINTIFF AGAINST DEFENDANT**
**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

4. On or about November 22, 2006, Plaintiff purchased a 2006 Fleetwood Southwind, VIN # 5B4MP67G553406886 (hereafter "Motor Home") which was manufactured, distributed, or sold by Defendant. The total consideration which Plaintiff paid or agreed to pay, including taxes, license, and finance charges is $180,040.00. The Motor Home was purchased primarily for personal, family, or household purposes. Plaintiff purchased the Motor Home from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

5. In connection with the purchase, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Motor Home or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Motor Home during the warranty period, Plaintiff could deliver the Motor Home for repair services to Defendant's representative and the Motor Home would be repaired.

6. During the warranty period, the Motor Home contained or developed various defects, including but not limited to defects which cause the chassis battery to go dead, defects which cause the coach batteries to go dead, defects which cause circuit breakers to blow, defects which cause the power steering to make abnormal

noise, defects which cause the anti-lock brake system warning light to illuminate, defects which cause the service engine soon light to illuminate, defects which cause abnormal noises in the suspension and braking systems, defects which cause the dashboard and overhead panels to vibrate excessively, defects which cause plumbing system components to leak, defects which cause the leveling jacks to scrape the ground, and defects which cause the audio and video systems to malfunction.

7. Pursuant to 15 U.S.C. § 2301, the sale of the Motor Home was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

8. The implied warranty of merchantability means and includes that the Motor Home will comply with each of the following requirements: (1) The Motor Home will pass without objection in the trade under the contract description; (2) The Motor Home is fit for the ordinary purposes for which such goods are used; (3) The Motor Home is adequately contained, packaged, and labeled; and (4) The Motor Home will conform to the promises or affirmations of fact made on the container or label.

9. On or about November 22, 2006, or during the time period in which the implied warranty was in effect, the Motor Home contained or developed the defects stated in paragraph 6, above. The existence of each of these defects constitutes a breach of the implied warranty because the Motor Home (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

10. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Motor Home, and has exercised a right to cancel the sale. By serving this

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In addition, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Motor Home resulting from its defects. Plaintiff believes that, at the present time, the Motor Home's value is *de minimis.*

11. An actual controversy has arisen between the parties as to whether Plaintiff is entitled to revoke acceptance of the Motor Home and as to whether Plaintiff has actually done so. Pursuant to 28 U.S.C. § 2201, Plaintiff requests that the Court issue declaratory relief determining whether Plaintiff has the right to do so and whether Plaintiff has done so.

12. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

13. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**SECOND CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**BREACH OF THE IMPLIED WARRANTY OF FITNESS**

**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

14. Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6 and paragraph 11, above.

15. Defendant is a manufacturer, distributor, or seller who had reason to know at the time of the retail sale that the Motor Home was required for a

particular purpose and that the Plaintiff was relying on the Defendant's skill or judgment to select or furnish suitable goods.

16. Pursuant to 15 U.S.C. § 2301, the sale of the Motor Home was accompanied by Defendant's implied warranty that the Motor Home would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

17. On or about November 22, 2006, or during the time period in which the implied warranty was in effect, the Motor Home contained or developed the defects stated in paragraph 6, above. The existence of each of these defects constitutes a breach of the implied warranty because the Motor Home is not fit for Plaintiff's particular purpose.

18. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

19. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**THIRD CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**BREACH OF EXPRESS WARRANTY**

**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

20. Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6 and paragraph 11, above.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

21. In accordance with Defendant's warranty, Plaintiff delivered the Motor Home to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Motor Home, Plaintiff notified Defendant and its representative of the characteristics of the defects. However, the representative failed to repair the Motor Home, breaching the terms of the written warranty on each occasion.

22. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

23. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its representative were aware of their obligation to repair the Motor Home under the express warranty, but they intentionally declined to fulfill that obligation. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c) and 15 U.S.C. § 2310(d).

24. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**FOURTH CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**FAILURE TO PROMPTLY REPURCHASE PRODUCT**

**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1793.2(d)**

25. Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6, above.

26. Defendant and its representatives in this state have been unable to service or repair the Motor Home to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, Defendant failed to

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

promptly replace the Motor Home or make restitution to Plaintiff as required by Civil Code §§ 1793.2(d) and 1793.1(a)(2).

27. An actual controversy has arisen between the parties as to whether Defendant is obligated to promptly replace the Motor Home or make restitution to Plaintiff as required by Civil Code §§ 1793.2(d) and 1793.1(a)(2). Accordingly, pursuant to 28 U.S.C. § 2201, Plaintiff requests that the Court issue declaratory relief determining the rights and obligations of the parties pursuant to Civil Code § 1793.2(d).

28. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore brings this claim pursuant to § 1794.

29. The provisions of Civil Code § 1793.2(d) existed at the time Defendant gave the express warranty and for that reason those provisions were incorporated into the terms of the express warranty by operation of California law. *Swenson v. File*, 3 Cal.3d 389, 393; *Washington Internat. Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 988-89 (1998). Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

30. Defendant's failure to comply with its obligations under § 1793.2(d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Motor Home to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Motor Home or make restitution despite Plaintiff's demand. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c) and 15 U.S.C. § 2310(d).

31. Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with § 1793.22. Despite Defendant's violation of § 1793.2(d) and its notice thereof, Defendant failed to comply with its

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e) and 15 U.S.C. § 2310(d).

32. Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and (e) in the alternative and does not seek to cumulate civil penalties, as provided in § 1794(f).

33. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**FIFTH CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME AND TO COMPLETE THEM WITHIN 30 DAYS**

**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

34. Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6 and paragraph 11, above.

35. Although Plaintiff delivered the Motor Home to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Motor Home so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

36. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794.

37. The provisions of Civil Code § 1793.2(b) existed at the time Defendant gave the express warranty and for that reason those provisions were incorporated into the terms of the express warranty by operation of California law.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

*Swenson v. File*, 3 Cal.3d 389, 393; *Washington Internat. Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 988-89 (1998). Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

38. Defendant's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Motor Home to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c) and 15 U.S.C. § 2310(d).

39. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**SIXTH CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**CONVERSION**

40. Plaintiff incorporates by reference the allegations contained in the Fourth Claim for Relief, above.

41. Plaintiff is the owner of and has an immediate right to possession of a specific sum of money which is capable of identification. *Farmers Ins. Ex. v. Zerin*, 53 Cal.App.4th 445, 451-52 (1997). Specifically, pursuant to Civil Code § 1793.2(d), Plaintiff is entitled to restitution of the amounts paid or payable for the Motor Home from Defendant.

42. Instead of delivering the money to which Plaintiff is entitled to Plaintiff, Defendant has wrongfully converted that money for its own use.

43. As a result of Defendant's conversion, Plaintiff has suffered damages.

44. Defendant's conduct was fraudulent, oppressive, and malicious, and thus, Plaintiff is entitled to recover punitive damages pursuant to Civil Code

section 3294. Specifically, Defendant was aware of its obligation to make restitution to Plaintiff and intentionally failed to do so. In addition, Defendant falsely and intentionally misrepresented to Plaintiff that it was not obligated to make restitution. Furthermore, Defendant is aware that Plaintiff has little choice but to continue using the defective Motor Home, and Defendant intentionally refused to make restitution to Plaintiff with the intent of arguing that Plaintiff's continued use is a reason to deny restitution to Plaintiff.

## PRAYER

PLAINTIFF PRAYS for judgment against Defendant as follows:

1. For Plaintiff's damages in the amount of at least $180,040.00.

2. For restitution to Plaintiff in the amount of $180,040.00.

3. Pursuant to 28 U.S.C. § 2201, for declaratory relief determining whether Defendant has an obligation to repurchase Plaintiff's Motor Home pursuant to Civil Code section 1793.2(d) and determining whether Plaintiff has the right revoke acceptance and whether Plaintiff did revoke acceptance pursuant to Civil Code section 1794(b).

4. On Plaintiff's Third Claim for Relief, for a civil penalty in the amount of $360,080.00, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. § 2310(d).

5. On Plaintiff's Fourth Claim for Relief, for a civil penalty in the amount of $360,080.00, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. § 2310(d).

6. On Plaintiff's Fifth Claim for Relief, for a civil penalty in the amount of $360,080.00, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. § 2310(d).

7. For any consequential and incidental damages.

8. For punitive damages in the amount of at least $100,000.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

9. For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code § 1794(d) and 15 U.S.C. § 2310(d).

10. For prejudgment interest at the legal rate.

11. And for such other relief as the Court may deem proper.

DATED: September 3, 2008

ANDERSON LAW FIRM
MARTIN W. ANDERSON
JEFFREY KANE

By:____________________________
MARTIN W. ANDERSON
Attorneys for Plaintiff Timothy Wilson

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

DATED: September 3, 2008

ANDERSON LAW FIRM
MARTIN W. ANDERSON
JEFFREY KANE

By:____________________________
MARTIN W. ANDERSON
Attorneys for Plaintiff Timothy Wilson

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

**SACV08- 1007 AG (RNBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[X] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY WILSON, PLAINTIFF(S) v. FLEETWOOD MOTOR HOMES OF CALIFORNIA, INC. and WORKHORSE CUSTOM CHASSIS, L.L.C., DEFENDANT(S). | CASE NUMBER **SACV08-01007 AG (RNBx)** |
| | **SUMMONS** |

TO: THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney MARTIN W. ANDERSON, whose address is:

ANDERSON LAW FIRM
2070 N. TUSTIN AVE.
SANTA ANA, CA 92705

an answer to the ☒ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim which is herewith served upon you within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Clerk, U.S. District Court

Dated: SEP 10

By: ROLLS ROYCE PASCHAL
Deputy Clerk

*(Seal of the Court)*



# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
TIMOTHY WILSON

**DEFENDANTS**
FLEETWOOD MOTOR HOMES OF CALIFORNIA, INC. and WORKHORSE CUSTOM CHASSIS, L.L.C.,

(b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Orange County, California

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Orange County, California (pursuant to 28 U.S.C. § 1391(c))

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
MARTIN W. ANDERSON, State Bar No. 178422
ANDERSON LAW FIRM, 2070 N. TUSTIN AVE.
SANTA ANA, CA 92705
TEL: (714) 516-2700 e-mail: martin@andersonlaw.net

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT: $** 1,360,280.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 2310(d) - Violation of Magnuson-Moss Warranty Act

**VII. NATURE OF SUIT (Place an X in one box only.)**

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities /Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

FOR OFFICE USE ONLY: Case Number: SACV08-01007 AG (RNBx)

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Plaintiff Timothy Wilson is a resident of Orange County, California.

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Defendant Fleetwood Motor Homes of California, Inc. and Workhorse Custom Chassis, L.L.C., is a resident of Orange County, California pursuant to 28 U.S.C. § 1391(c).

**List the California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

The claims arose in Orange County, California.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** ______ **Date** 09/08/2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |